**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RASHEED FAKIAH MUHAMMAD, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 22-4310 (GC) (LHG) |
| | : | |
| v. | : | |
| | : | |
| NEW JERSEY STATE PRISON, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**CASTNER, District Judge**

### I.    INTRODUCTION

Plaintiff, Rasheed Fakiah Muhammad ("Plaintiff" or "Muhammad"), is a state prisoner at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. He is proceeding *pro se* with a civil rights Complaint brought pursuant to 42 U.S.C. § 1983. (*See* ECF 1). Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 2).

This Court is required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed without prejudice. Plaintiff fails to state a federal claim and this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

The allegations of Plaintiff's Complaint shall be construed as true for purposes of this screening Opinion. Plaintiff names three Defendants in his Complaint. They are as follows:

1. NJSP;

2.  NJSP Medical Department; and

3.  Dr. Miller – Physician at NJSP.

Plaintiff asserts he met with Dr. Miller on March 7, 2021 at NJSP. (*See* ECF 1 at 5). Dr. Miller prescribed Plaintiff with Protonix to treat Plaintiff's heartburn. (*See id.*). However, Plaintiff suffered an allergic reaction from this medication which almost resulted in his death. (*See id.*). Plaintiff alleges it was only due to Dr. Miller's negligence that he "almost lost [his] life." (*See id.* at 6). Plaintiff seeks "a change" in the medical policy" and monetary damages against the Defendants. (*See id.*).

## III.   LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

### A. Failure to Sign Complaint

Federal Rule of Civil Procedure 11(a) requires that every pleading must be signed personally by a party if he is unrepresented.  Plaintiff did not sign his Complaint.  (*See* ECF 1 at 7).  Rule 11(a) states that a pleading should be struck unless it is promptly corrected.  However, for the reasons discussed *infra*, given that Plaintiff's Complaint also fails to state a claim upon which relief may be granted, this Court will dismiss the Complaint without prejudice, rather than give Plaintiff a chance to cure this missing signature.

### B. Failure to State a Claim Upon Which Relief May be Granted

Plaintiff sues the Defendants under § 1983 for the purported inadequate medical care he received at NJSP.  More specifically, Plaintiff sues the Defendants for medication prescribed to him by Dr. Miller which caused an allergic reaction.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)).  We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197.  Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir, 1977)).  Allegations of negligent treatment or medical malpractice do not trigger

constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06, (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir, 1987))). It is worth noting though that "deliberate indifference has been found where a physician injected a prisoner with a medication that he knew the prisoner was allergic to, and refused to treat the allergic reaction." *Mutschler v. Malena*, No. 09-265, 2012 WL 4057241, at *10 (W.D. Pa. Sept. 14, 2012), *aff'd sub nom. Mutschler v. SCI Albion CHCA Health Care*, 516 F. App'x 104 (3d Cir. 2013) (citing *Estelle*, 429 U.S. at 104 n. 10 (citing *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974)).

Plaintiff fails to state a deliberate indifference claim in his Complaint. While Plaintiff states that he suffered an allergic reaction from the medication prescribed by Dr. Miller, there are no allegations whatsoever that Dr. Miller knew that Plaintiff was allergic to the prescribed medicine, nor any allegations that Dr. Miller failed to treat the allergic reaction. At most, Plaintiff has alleged negligence, which is insufficient to sustain a deliberate indifference claim. *Accord Walker v. Nurse Practitioner Streetman*, No. 15-335, 2016 WL 5799029, at *5 (N.D. Fla. Aug. 5, 2016) (holding that a nurse practitioner who prescribed prisoner medication without first testing whether the prisoner was allergic to the medication could "not plausibly suggest deliberate indifference" but rather, "at most, it suggests negligence"), *report and recommendation adopted*

*sub nom.*, *Walker v. Jackson Corr. Inst.*, 2016 WL 5799022 (N.D. Fla. Oct. 3, 2016). Accordingly, Plaintiff's federal claims will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

    C. <u>State Law Claims</u>

       Plaintiff may also be attempting to assert state law negligence and medical malpractice claims against the Defendants. This Court has dismissed all of Plaintiff's federal claims against the Defendants. When a court dismisses all claims over which it had original federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As Plaintiff's federal claims have been dismissed at this early screening stage for failure to state a claim upon which relief may be granted, this Court will exercise its discretion to decline supplemental jurisdiction over any related state law claims.

**V.    CONCLUSION**

       For the foregoing reasons, Plaintiff's Complaint is dismissed without prejudice as he fails to state a federal claim and this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff shall have thirty (30) days to correct the deficiencies of his Complaint outlined in this Opinion by filing a proposed amended complaint should he elect to do so. Such a proposed amended complaint shall still be subject to this Court's *sua sponte* screening. An appropriate order will be entered.

DATED: November 21, 2022

GEORGETTE CASTNER
United States District Judge