NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHEED FAKIAH MUHAMMAD, | |
| Plaintiff, | Civ. No. 22-4310 (GC) (LHG) |
| v. | |
| NEW JERSEY STATE PRISON, et al., | OPINION |
| Defendants. | |

**CASTNER, District Judge**

**I.     INTRODUCTION**

Plaintiff, Rasheed Fakiah Muhammad ("Plaintiff" or "Muhammad"), is a state prisoner at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. Previously, this Court dismissed Plaintiff's original Complaint at screening. (*See* ECF 3 & 4). Plaintiff has now filed a proposed Amended Complaint ("AC") (*see* ECF 5) such that the Clerk will be ordered to reopen this case so that Plaintiff's AC can be screened.

This Court is required to screen the AC pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's AC shall be dismissed without prejudice for similar reasons discussed by this Court in screening Plaintiff's original Complaint. Plaintiff fails to state a federal claim and this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The allegations of the AC shall be construed as true for purposes of this screening Opinion. Plaintiff names the following as Defendants in the AC:

1. NJSP;

2. Bruce Davis – Administrator NJSP; and

3. Dr. Miller – Physician at NJSP.

Plaintiff met with Dr. Miller on March 7, 2021 at NJSP. (*See* ECF 5 at 3-4). At that time, Dr. Miller prescribed Protonix for Plaintiff's heartburn. (*See id.* at 4). The next day, Plaintiff was seen by a nurse for an insulin injection and told her he was not feeling well. (*See id.*). Plaintiff indicated his newly prescribed Protonix may be the cause. (*See id.*). The nurse told Plaintiff he should file a form to see the doctor. (*See id.*).

Plaintiff was not feeling well again the next day during his insulin injection medical visit. (*See id.*). The nurse spoke with Dr. Miller and was told it may take another day or two for Plaintiff to feel better as his body was just responding to the Protonix. (*See id.*).

The next day, Plaintiff "coded out" due to an allergic reaction to the Protonix and was sent to the hospital. (*See id.*).

In November 2022, this Court screened Plaintiff's original Complaint. (*See* ECF 3 & 4). This Court determined Plaintiff failed to state a federal claim upon which relief could be granted and declined to exercise supplemental jurisdiction over any supplemental state law claims Plaintiff may be attempting to bring. (*See id.*). Plaintiff was given leave to file a proposed amended complaint and has now in fact done so. (*See* ECF 5).

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

3

In this case, Plaintiff seeks redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

As this Court noted in its previous Opinion, to state a federal claim, Plaintiff needs to assert that the Defendants were deliberately indifferent to his serious medical needs. (*See* ECF 3 at 4-6). Plaintiff's AC also fails to state a deliberate indifference claim for the following reasons:

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). We have found deliberate

4

> indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir, 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06, (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir, 1987))). It is worth noting though that "deliberate indifference has been found where a physician injected a prisoner with a medication that he knew the prisoner was allergic to, and refused to treat the allergic reaction." *Mutschler v. Malena*, No. 09-265, 2012 WL 4057241, at *10 (W.D. Pa. Sept. 14, 2012), *aff'd sub nom. Mutschler v. SCI Albion CHCA Health Care*, 516 F. App'x 104 (3d Cir. 2013) (citing *Estelle*, 429 U.S. at 104 n. 10 (citing *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974)).

As with Plaintiff's original Complaint, there is no indication alleged in the AC that Dr. Miller *knew* that Plaintiff was allergic to Protonix. While Plaintiff indicates he told a nurse in subsequent days after beginning taking Protonix that he thought he might be allergic because he

5

was not feeling well, Dr. Miller explained it may take Plaintiff some time to get used to the new prescription. Once again, at most, Plaintiff has alleged negligence or medical malpractice on the part of Dr. Miller. These allegations of the AC though remain insufficient to state a deliberate indifference claim. *Accord Walker v. Nurse Practitioner Streetman*, No. 15-335, 2016 WL 5799029, at *5 (N.D. Fla. Aug. 5, 2016) (holding that a nurse practitioner who prescribed prisoner medication without first testing whether the prisoner was allergic to the medication could "not plausibly suggest deliberate indifference" but rather, "at most, it suggests negligence"), *report and recommendation adopted sub nom., Walker v. Jackson Corr. Inst.*, 2016 WL 5799022 (N.D. Fla. Oct. 3, 2016). Thus, Plaintiff fails to state a federal deliberate indifference claim.

Plaintiff may also be attempting to bring state law medical malpractice/negligence claims in his AC. Plaintiff's federal claims though have again been dismissed at this early screening stage for failure to state a claim upon which relief may be granted. Under 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over any related state law claims.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's AC shall be dismissed without prejudice. Plaintiff fails to state a federal claim and this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff has now had two opportunities to sufficiently state a federal claim. Plaintiff shall be given one final opportunity to submit a proposed second amended complaint that corrects the deficiencies of his AC as pronounced in this Opinion should he elect to do so. An appropriate Order shall be entered.

DATED: March 15, 2023

GEORGETTE CASTNER
United States District Judge

6