**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RASHEED FAKIAH MUHAMMAD, <br><br> Plaintiff, <br><br> v. <br><br> NEW JERSEY STATE PRISON, *et al.*, <br><br> Defendants. | Civil Action No. 22-4310 (GC) (JBD) <br><br> **OPINION** |

**CASTNER, District Judge**

Plaintiff Rasheed Fakiah Muhammad is a state prisoner at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. Previously, this Court dismissed Plaintiff's original Complaint (ECF No. 1 ("Complaint")) at screening. *Muhammad v. N.J. State Prison*, No. 22-4310, 2022 WL 17251197 (D.N.J. Nov. 28, 2022) ("*Muhammad I*"); (ECF No. 4). Plaintiff filed an Amended Complaint. (ECF No. 5 ("First Amended Complaint").) Reopening the matter, the Court dismissed the First Amended Complaint for the similar reasons discussed by the Court in screening Plaintiff's original Complaint. *Muhammad v. N.J. State Prison*, No. 22-4310, 2023 WL 2523941 (D.N.J. Mar. 15, 2023) ("*Muhammad II*"); (ECF No. 7). Plaintiff has now filed a Second Amended Complaint. (ECF No. 10 ("Second Amended Complaint" or "SAC").) This case has been reopened so that Plaintiff's Second Amended Complaint can be screened.

This Court is required to screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Second

Amended Complaint is **DISMISSED with prejudice and without leave to amend** for similar reasons discussed by this Court in screening Plaintiff's original Complaint and his First Amended Complaint. Plaintiff fails to state a federal claim and this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## I.    FACTUAL BACKGROUND

In his Second Amended Complaint, Plaintiff names as Defendants: (1) the New Jersey Department of Corrections ("NJDOC"); (2) Bruce Davis (the Acting NJSP Administrator); (2) Ihouma Nwachukwu, M.D.; (4) Dr. Miller; and (5) John Does 1 through 5. (SAC ¶¶ 3-8.)

In the "Nature of the Action" section of his Second Amended Complaint, Plaintiff characterizes this matter as an action pursuant to 42 U.S.C. § 1983 to redress the deprivation of his rights under the Eighth Amendment. (*Id.* ¶ 1.) Defendants denied and delayed Plaintiff's reasonable requests for medical treatment for non-medical reasons, refused to provide Plaintiff with necessary medical care despite having knowledge of his need for such care, and acted with deliberate indifference to the medical needs of Plaintiff for almost a year. (*Id.*) Plaintiff is also diabetic, which has progressed and makes any "bad medication" or misdiagnosis life-threatening. (*Id.*) Specifically, Plaintiff was given the wrong medication "Protonix" for heartburn, which caused him to "code out" and be sent to intensive care. (*Id.*) Plaintiff suffered as a result of these injuries and the failure to provide proper treatment, "[m]ost egregiously by delaying treatment for the allergic [reaction] without any medical reason for doing so." (*Id.*)

In the factual background section of the Second Amended Complaint, Plaintiff alleges that, in or about March 2021, he was involved in an incident with medical staff at the NJSP relating to "some outdated [or 'bad'] Insulin . . . which caused [him] to defecate all over [himself] in this year of 2023." (*Id.* ¶ 12.) Plaintiff was seen by Dr. Miller upon a referral from Dr. Cail, and he told

Dr. Miller that he was having severe heartburn because of his prescribed diet. (*Id.* ¶ 13.) Dr. Miller prescribed Protonix, and, over the next "few days," Plaintiff "returned to medical in a bad state." (*Id.* ¶ 14.) After he was sent back to his housing unit, Plaintiff "coded out" and was taken to the emergency room in extreme distress and in danger of dying. (*Id.* ¶ 15.)

Plaintiff asserts the following three counts: (1) violation of the Eighth Amendment and § 1983 against Davis, Dr. Miller, Dr. Nwachukwu, and John Does One through Five; (2) violation of the Eight Amendment and § 1983 against Dr. Miller and John Does One through Five: and (3) negligence against NJDOC, Davis, and John Does One through Five. (*Id.* at 5.) Plaintiff requests compensatory and punitive damages. (*Id.* at 6.)

## II.   STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss claims that are (i) frivolous or malicious, (ii) that fail to state a claim upon which relief may be granted, or (iii) that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the

complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 12 F.4th 366 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (stating that courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements" (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021))). Because Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

As the Court noted in its previous screening Opinions, Plaintiff needs to assert that the Defendants were deliberately indifferent to his serious medical needs to state a federal claim under the Eighth Amendment and § 1983. *Muhammad II*, 2023 WL 2523941, at *2; *Muhammad I*, 2022 WL 17251197, at *2. Under this standard:

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a

4

> question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowing v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06, (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam). Deliberate indifference can also be found "where the prison official persists in a particular course of treatment in the face of resultant pain and risk of permanent injury." *McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))). It is worth noting though that "deliberate indifference has been found where a physician injected a prisoner with a medication that he knew the prisoner was allergic to, and refused to treat the allergic reaction." *Mutschler v. Malena*, No. 09-265, 2012 WL 4057241, at *10 (W.D. Pa. Sept. 14, 2012) (citing *Estelle*, 429 U.S. at 104 n.10 (citing *Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir. 1974))), *aff'd sub nom. Mutschler v. SCI Albion CHCA Health Care*, 516 F. App'x 104 (3d Cir. 2013).

As with Plaintiff's original Complaint and his First Amended Complaint, there is no indication alleged in the Second Amended Complaint that Dr. Miller *knew* that Plaintiff was allergic to Protonix. *Muhammad II*, 2023 WL 2523941, at *3; *Muhammad I*, 2022 WL 17251197, at *3. Nor is there any indication that medical personnel were aware that the Insulin was "outdated" or "bad." (SAC ¶ 12.) Plaintiff baldly claims that his requests for medical treatment were refused or delayed for non-medical reasons and that Defendants acted with deliberate indifference to his serious medical needs, including his diabetes. (*See id.* ¶ 1.) However, Plaintiff

5

does not provide any facts supporting such conclusory assertions and recitals of the elements of an Eighth Amendment. *See Wilson*, 57 F.4th at 140 (indicating that legal conclusions and recitals of elements of a claim that are supported only by conclusory statements must be disregarded). On the contrary, Plaintiff acknowledges that he was administered Insulin, placed on a special diet, prescribed Protonix for his severe heartburn, taken to the emergency room, and received treatment in intensive care. (SAC ¶¶ 1, 12-15.) He indicates that, after being prescribed Protonix, he "returned to medical in a bad state" and then, after some unspecified period of time, was "sent back to his housing unit" and "coded out." (*Id.* ¶ 14.) But Plaintiff does not allege any factual matter regarding the treatment he did (or did not receive) at "medical."

"Once again, at most, Plaintiff has alleged negligence or medical malpractice on the part of Dr. Miller" and other medical providers. *Muhammad II*, 2023 WL 2523941, at *3. These allegations of the Second Amended Complaint though remain insufficient to state a deliberate indifference claim under the Eighth Amendment. *Accord Walker v. Nurse Practitioner Streetman*, No. 15-335, 2016 WL 5799029, at *5 (N.D. Fla. Aug. 5, 2016) (holding that a nurse practitioner who prescribed prisoner medication without first testing whether the prisoner was allergic to the medication could "not plausibly suggest deliberate indifference" but rather, "at most, it suggests negligence"), *R&R adopted sub nom., Walker v. Jackson Corr. Inst.*, 2016 WL 5799022 (N.D. Fla. Oct. 3, 2016).

Plaintiff evidently attempts to bring a state law medical malpractice/negligence claim in his Second Amended Complaint. For a third time, Plaintiff's federal claims have been dismissed at this early screening stage for failure to state a claim upon which relief may be granted, and, under 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over any related state law claims.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In *Muhammad II*, the Court gave Plaintiff "one final opportunity to submit a proposed second amended complaint that corrects the deficiencies of his AC." *Muhammad II*, 2023 WL 2523941, at *3. Plaintiff has had three chances to file a complaint that states a valid claim under § 1983; he has failed to do so. The Court finds that further attempts to amend would be futile. Accordingly, it dismisses the Second Amended Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Stokes v. Price*, No. 19-14311, 2020 WL 6144758, at *4 (D.N.J. Oct. 20, 2020) (denying leave to amend after plaintiff's third attempt).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Second Amended Complaint is **DISMISSED with prejudice.** The Court **DENIES leave to amend**. An appropriate Order follows.

Dated: January 16, 2025

GEORGETTE CASTNER
United States District Judge

7